# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRED MCCAULEY, )
    Plaintiff ) C.A. No. 13-126 Erie
  )
v. ) **District Judge Hornak**
  ) **Magistrate Judge Baxter**
BRIAN C. AINKO, et al., )
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e).

### II. REPORT

#### A. Relevant Procedural and Factual History

On May 6, 2013 Plaintiff Fred McCauley, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed a *pro se* complaint against Defendants Brian C. Ainko and "Minman," both of whom are identified as Crawford County corrections officers. In addition, Plaintiff filed a motion to proceed *in forma pauperis* [ECF No. 3], which has been granted by this Court. However, Plaintiff's complaint is devoid of any claims or allegations, and fails to specify any relief requested. Plaintiff simply responds "NA" to all of the questions listed in the form complaint. [ECF No. 5].

#### B. Standards of Review

##### 1. PLRA

The Prison Litigation Reform Act (hereinafter, "PLRA"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to

proceed without payment of costs.  Section 1915(e), as amended, states in relevant part:  "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted...."  A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  A plaintiff has failed to allege a viable claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(e).  Wilson v. Rackmill, 878 fd 772, 774 (3d Cir. 1989).  The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  In fact, the statute not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it.  Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

### 2.    *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a

complaint in favor of the complainant. <u>Gibbs v. Roman</u>, 116 F.3d 83 (3d Cir.1997). <u>See, e.g.</u>, <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); <u>Markowitz v. Northeast Land Company</u>, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### **C.** **Discussion**

Here, Plaintiff has filed a form complaint on which he has inserted a caption naming the Defendants, and then simply indicates that he is confined at SCI-Albion pursuant to a two to five year sentence entered in Crawford County, Pennsylvania. (ECF No. 5, Complaint, at Section I). No other substantive allegations or claims are specified, and no relief is requested. Thus, Plaintiff's complaint should be dismissed as frivolous.

### **III.** **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Plaintiff's complaint be dismissed as frivolous in accordance with 28 U.S.C. § 1915(e).

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. <u>See</u> <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

                                                      /s/ Susan Paradise Baxter
                                                      SUSAN PARADISE BAXTER
                                                      United States Magistrate Judge

Dated: September 3, 2013

cc:    The Honorable Mark R. Hornak
        United States District Judge